UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPENCER ROBERSON,

        Petitioner,           Case No. 2:25-cv-13453
                                        Honorable Susan K. DeClercq
v.                                             United States District Judge

ERIC RARDIN,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Spencer Roberson is a federal inmate currently confined at the Federal Correctional Institution in Milan, Michigan, who filed a *pro se* petition for habeas relief under 28 U.S.C. § 2241. Roberson challenges the Federal Bureau of Prisons' ("BOP") failure to award him sentencing credits under the First Step Act ("FSA"), and its failure to grant him prerelease placement under the Second Chance Act ("SCA"). For the reasons explained below, his petition will be denied.

**I. BACKGROUND**

On December 21, 2022, Roberson pleaded guilty to one count of possessing with intent to distribute a controlled substance including 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1) in the United States District Court for the Northen District of Indiana. *See United States v. Roberson*, No. 1:21-cr-00066,

ECF No. 34 (N.D. Ind. Dec. 21, 2022). On April 20, 2023, the Court sentenced Roberson to 78 months of incarceration, followed by 4 years of supervised released. *Id.* at ECF No. 66. Roberson later successfully moved for a sentence reduction, and he was resentenced on March 18, 2024, to 63 months of incarceration. *Id.* at ECF Nos. 67; 68.

On October 30, 2025, Roberson filed a habeas petition now before this Court. *See Roberson v. Rardin*, No. 2:25-cv-13453, ECF No. 1 (E.D. Mich. Oct. 30, 2025). According to Roberson, the BOP has not applied his FSA sentencing credits even though he earned them by participating in and completing the required programing. *Id.* at PageID.2. Roberson also asserts that he qualifies for transfer to prerelease custody under the SCA, but the "BOP's failure to exercise its discretion consistent with the SCA's mandates further exacerbates the harm." *Id.* at PageID.3.

## II. LEGAL STANDARD

A federal inmate properly files a petition for writ of habeas corpus under 28 U.S.C. § 2241 "where the inmate is challenging the manner in which his or her sentence is being executed." *Hall v. Eichenlaub*, 559 F. Supp. 2d 777, 779–80 (E.D. Mich. 2008) (citing *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998)). A federal court has jurisdiction to adjudicate a § 2241 petition as long as two requirements are met: (1) the petitioner is "in custody," and (2) the custody violates

"the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (internal quotation marks omitted) (quoting 28 U.S.C. § 2241(c)(3)).

Promptly after the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Martin v. Hunt*, 626 F. Supp. 3d 987, 988 (E.D. Mich. 2022) (quoting Rule 4, Rules Governing § 2254 Cases); *see also* 28 U.S.C. § 2243. If, after preliminary consideration, a court determines that the petitioner is not entitled to relief, the court can summarily dismiss the petition. *See id.*; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

### III. DISCUSSION

#### A. First Step Act (FSA)

Under the First Step Act (FSA), prisoners who successfully participate in recidivism-reduction programs are entitled to receive credit toward early release or prerelease custody under the Second Chance Act. *See* 18 U.S.C. §§ 3624(g), 3632(d)(4). Certain categories of prisoners, however, are categorically ineligible to receive credits under the FSA due to their offense of conviction. *See* 18 U.S.C. § 3632(d)(4)(D).

3

As relevant to this case, a prisoner is ineligible to receive credits if he or she was convicted and is serving a sentence under:

> [s]ubparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of [fentanyl], or any analogue thereof.

18 U.S.C. § 3632(d)(4)(D)(lxvi).

Roberson's guilty plea agreement makes clear that he was convicted of an offense covered by this section: possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi). Given the clear language of 18 U.S.C. § 3632(d)(4)(D)(lxvi) (specifically enumerating a conviction for violation of 21 U.S.C. § 841(b)(1)(B)(vi)), Roberson is categorically ineligible to receive FSA credits, and his argument that he is being denied such credits is without merit. *See, e.g.*, *Gonzalez v. Eischen*, No. 24-cv-3740, 2024 WL 4884485, at *1–2 (D. Minn. Oct. 17, 2024) (denying similar habeas petition), *adopting report and recommendation*, No. 24-cv-3740, 2024 WL 4882737 (D. Minn. Nov. 25, 2024).

## B. Second Chance Act

In addition to FSA sentencing credits, under the Second Chance Act (SCA), the BOP assesses each inmate to determine whether they might qualify for up to 365

days of early transfer to prerelease custody. SCA of 2008, Pub. L. No. 110-199, § 251(a), 122 Stat. 657, 692-693 (Apr. 9, 2008). The SCA gives the BOP the discretion to determine an inmate's eligibility for such placement. *See id.*; *see also* 18 U.S.C. § 3624(c). The SCA provides that the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c).

However, the SCA does not guarantee prerelease placement. *Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *2 (6th Cir. Dec. 29, 2009). It only directs the BOP to *consider* such placement for up to the final twelve months of his or her sentence. *See id.*; *see also Demis v. Sniezek*, 558 F.3d 508, 513-14 (6th Cir. 2009). The SCA therefore does not confer a liberty interest to prerelease placement. *See Heard v. Quintana*, 184 F. Supp. 3d 515, 520-521 (E.D. Ky. 2016) (holding that home confinement and residential reentry center placement "are helpful resources for readjustment to society, but prisoners do not have a constitutionally protected right to serve the final twelve months of his sentence in either."). "Again, the [SCA] only requires the BOP to *consider* placing an inmate in an RRC or in home confinement for up to twelve-months. It does not automatically entitle, or guarantee, any prisoner such placement for twelve months." *Heard*, 184 F. Supp. 3d at 520.

5

Because Roberson does not have a liberty interest in prerelease placement, his argument that the BOP is not so placing him does not state a cognizable claim under § 2241. *See, e.g.*, *Overton v. Rardin*, No. 24-cv-12553, 2025 WL 2775961, at *3–4 (E.D. Mich. Sept. 29, 2025). Therefore, Roberson's petition will be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Petitioner Spencer Roberson's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** and **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Roberson is on **NOTICE** that he does not need to request a certificate of appealability from this Court or the United States Court of Appeals for the Sixth Circuit should he seek to appeal this decision. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 18, 2025